**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

THOMAS BROWN,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 2:25-CV-1783-DC-DMC

FINDINGS AND RECOMMENDATIONS

Plaintiff, who is proceeding with retained counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). Pending before the Court are the parties' briefs on the merits, ECF Nos. 13 and 22.

In his opening brief, Plaintiff argues that the Administrative Law Judge (ALJ) erred in evaluation of the medical opinion evidence, that the ALJ erred with respect to the severity of Plaintiff's headaches, that the ALJ erred in rejecting Plaintiff's subjective statements and testimony, and that the ALJ erred with respect to vocational findings. See ECF No. 13. Plaintiff asks that the Court remand for an award of benefits or, if the Court is inclined to remand for further proceedings at the agency level, that such remand order be limited to specific issues and not allow for de novo review by the Commissioner. See id. at 22-24. The Commissioner agrees that a remand is appropriate. See ECF No. 22, pg. 3. The Commissioner, however, argues

that the case should not be remanded for payment of benefits but, instead, should be remanded for further administrative proceedings. See id. at 4-7. The Commissioner proposes a remand for further proceedings with the following instructions:

> On remand, the Commissioner will further evaluate the prior administrative medical findings and opinion evidence of record; reevaluate Plaintiff's residual functional capacity; take any further action needed to complete the administrative record; and issue a new decision. Upon remand, the claim will be assigned to a different Administrative Law Judge.
>
> Id. at 7.

Because the parties agree that a remand is appropriate, the only question before the Court is whether to order a remand for payment of benefits or a remand for further administrative proceedings. Where, as here per the parties' agreement, there is harmful error, a remand for further proceedings is the proper remedy except in rare circumstances. See Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099-1102 (9th Cir. 2014). For a court to instead order the agency to "credit" a finding, the Ninth Circuit requires *both* assessing whether further administrative proceedings would be useful and whether there are outstanding issues that must be resolved. See id. at 1101, 1105. The Ninth Circuit has further clarified that courts must "remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014); see also Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014).

A three-part test guides this Court's discretion in determining whether to remand for benefits. See Garrison, 759 F.3d at 1020; see also Leon v. Berryhill, 880 F.3d 1041, 1045 (9th Cir. 2017). This test is met where: (i) the record is fully developed, and further administrative proceedings would serve no useful purpose; (ii) the ALJ has failed to provide legally sufficient reasons for rejecting Plaintiff's evidence; and (iii) crediting the evidence as true, the ALJ would be required to find Plaintiff disabled upon remand. See Garrison, 759 F.3d at 1020; see also Crowe v. Berryhill, 2019 WL 3318110 (D. Nev. 2019).

/ / /

Here, the Court finds that, while the second prong of the three-part test has been met in that the parties agree that the ALJ failed to provide legally sufficient reasons for discounting various medical opinions, for rejecting the severity of Plaintiff's headaches, for rejecting Plaintiff's subjective statements and testimony, and for failing to consider evidence in making vocational findings, the first prong of the test has not been met. Specifically, the record is not fully developed. If, as the parties agree, the ALJ erred with respect to evaluation of the medical opinion evidence, a further evaluation could change the ultimate residual functional capacity finding which, in turn, would affect the vocational findings flowing therefrom. Similarly, further consideration of Plaintiff's subjective statements and testimony could result in a different residual functional capacity determination. Likewise, as to the severity of Plaintiff's headaches, which if determined to be severe, would necessarily result in very different residual functional capacity and vocational findings. Given the various errors the parties agree occurred in this case at the agency level and given the unknown nature of what proper assessment would yield, this Court cannot say for certain that Plaintiff is in fact disabled and that the Commissioner would be required to award benefits.

Because outstanding issues remain to be resolved at the agency level given the errors the parties agree occurred, a remand for further proceedings is the appropriate remedy in this case. The Court agrees with Plaintiff that it would be appropriate to remand with specific instructions targeting the errors in this case upon which the parties agree.

Based on the foregoing, the undersigned recommends as follows:

1. Plaintiff's motion for summary judgment, ECF No. 13, be granted in part and denied in part to the extent the Court does not agree that a remand for award of benefits is warranted.

2. Defendant's cross-motion for summary judgment, ECF No. 22, be granted.

3. The Commissioner's final decision be reversed and this matter be remanded for further proceedings with the following instructions: (i) the Commissioner shall re-evaluate whether Plaintiff's headaches are severe; (ii) the Commissioner shall re-evaluate the medical opinion evidence of record from all medical sources; (iii) the Commissioner shall re-

evaluate Plaintiff's subjective statements and testimony in light of new findings as to the severity of Plaintiff's impairments and findings as to the medical opinion evidence; (iv) the Commissioner shall make new vocational findings, utilizing a vocational expert if non-exertional limitations are found, and to allow Plaintiff an opportunity to cross-examine any vocational expert called to testify; and (v) the Commissioner shall assign the matter to a different ALJ.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 5, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE